IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESARAE TRAVIS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-1689 |
| SCHOOL DISTRICT POLICE OFFICER | : | |
| CHARLES DESHIEL, SCHOOL | : | |
| DISTRICT OF PHILADELPHIA, ET AL. | : | |

**SURRICK, J.**                                                                                  **JUNE  8 , 2011**

## MEMORANDUM

Presently before the Court is Defendants Charles Deshiel, John Doe, Dr. Donald C. Donley, Climate Manager McLaughlin, P. Reichwein, R. Raynes, Tom O'Brien and the School District of Philadelphia's ("School District Defendants") Partial Motion to Dismiss. (ECF No. 11.) For the following reasons, Defendants' Motion will be granted.

### I.  BACKGROUND

Plaintiff's Complaint alleges that Plaintiff is a Caucasian female who was a student at Abraham Lincoln High School in the School District of Philadelphia. (Compl. 5, ECF No. 1.) Plaintiff suffers from Pyelonephritis, a bacterial infection of her kidneys, a symptom of which is frequent urination. As a result of her condition, school officials have recognized Plaintiff as having a disability and accommodated her by giving her a restroom pass to tend to her medical needs. (*Id*.) On April 24, 2008, Plaintiff was excused by her teacher to go to the restroom, but was not given a restroom pass. (*Id*.) On her way to the restroom, Plaintiff was confronted by Defendant Deshiel and another individual. (*Id*. at 6.) Plaintiff alleges that Deshiel and this

individual began to verbally harass her and blocked her path to the restroom. (*Id*.) At some point during this encounter, Defendant McLaughlin came out of her office and became involved in the dispute. (*Id*.) Plaintiff alleges that McLaughlin, Deshiel and the other individual then violently shoved her into McLaughlin's office and locked the door. (*Id*.)

While in McLaughlin's office, Plaintiff told Deshiel and McLaughlin that she needed to use the restroom because of her medical condition. She was not permitted to do so. (*Id*.) Additional school police officers then entered McLaughlin's office, at which point Plaintiff attempted to leave to use the restroom. Plaintiff alleges that Deshiel then grabbed her, handcuffed her to a wooden bench, and slammed her to the cement floor, causing her to urinate on herself and the floor. (*Id*. at 7.) Plaintiff informed Deshiel that she had urinated, to which he responded "oh well," and dragged her through the urine on the floor. Deshiel then picked her up by the handcuffs and threw her across McLaughlin's office in the presence of the other school police officers and McLaughlin. (*Id*.) Plaintiff alleges that Deshiel then harassed her by "grinding his pubic area in her face and making lewd and threatening remarks." (*Id*.) Deshiel took a picture of Plaintiff with his personal cell phone. (*Id*.) Plaintiff was denied medical treatment and a change of clothes while locked in McLaughlin's office. (*Id*.)

Philadelphia police officers eventually arrived on the scene. (*Id*. at 8.) Plaintiff informed the police that she was in need of medical attention, but Deshiel and McLaughlin told them that she was "faking" and she was transported to the police precinct. (*Id*.) After a few hours at the precinct, Plaintiff was transported to the police administration building on 8th and Race Streets by two Philadelphia police officers. Once again, Plaintiff asked to be taken to a hospital but the police officers refused. At the police administration building Plaintiff was subjected to a strip

2

search by a female police officer. Plaintiff was also fingerprinted and photographed. Plaintiff's request to go to a hospital was again denied. Plaintiff was also denied an opportunity to change her clothes. (*Id*. at 9.)

Prior to being released from custody, Plaintiff's father posted bail. The City of Philadelphia has since refused to return 30 percent of the amount he posted. (*Id*.) After she was released, Plaintiff was treated at the hospital for cervical strain and contusions. (*Id*.) Plaintiff alleges that she was in physical pain for several weeks after the incident and suffered mental and emotional distress. (*Id*.) On April 25, 2008, Plaintiff was suspended from school by Defendants Raynes and Reichwein and criminal charges were subsequently brought against her. On September 12, 2008, these charges were dismissed. (*Id*. at 11-12.)

On April 16, 2010, Plaintiff filed the instant lawsuit against the School District Defendants, as well as the City and County of Philadelphia and the police officers involved in the incident (the "City Defendants"). The Complaint includes thirteen counts.[1] Count I alleges racial and gender discrimination in violation of Title VI of the Civil Rights Act of 1964. (*Id*. at 13.) Counts II and III allege claims against the School District of Philadelphia and the City of Philadelphia, respectively, for failure to supervise.[2] (*Id*. at 14-15.) Count IV alleges a

---

[1] Plaintiff has used a shotgun approach. Moreover, she has not specifically identified the law supporting each claim. This has created confusion as to the bases for her claims. In addition, at the end of every count Plaintiff has alleged that she seeks relief "under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act and the Americans with Disabilities Act, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, the First, Fourth and Fourteenth Amendments the United States Constitution, other constitutional provisions and federal statutes in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest."

[2] School District Defendants have interpreted these claims as Pennsylvania tort claims. In her Response to the Motion to Dismiss Plaintiff states that these claims are *Monell* claims.

Pennsylvania tort claim for malicious prosecution and abuse of process.  (*Id*. at 16.)  Count V alleges a tort claim for false arrest and false imprisonment.  (*Id*. at 16-17.)  Count VI alleges a claim for invasion of privacy–false light.  (*Id*. at 17-18.)  Count VII alleges disability discrimination in violation of the Americans with Disabilities Act and the Rehabilitation Act.  (*Id*. at 18-19.)  Count VIII alleges an assault claim for police brutality.[3]  (*Id*. at 19-20.)  Count IX alleges that Plaintiff was denied due process by the School District Defendants.  (*Id*. at 20-21.)  Counts X and XII allege tort claims for intentional infliction of emotional distress against the School District Defendants and the City Defendants, respectively.  (*Id*. 21-22, 23-24.)  Count XI alleges that the School District Defendants failed to intervene to stop a violation of civil rights.  (*Id*. at 22-23.)  Finally, Count XIII makes a claim for conspiracy under the color of state law to violate Plaintiff's constitutional and other rights.  (*Id*. at 24.)  Plaintiff makes a demand for punitive damages on all claims.  (*Id*. at 26.)

The School District Defendants now move to dismiss Counts II, IV, V, VI, VIII and X.  (Mot. Dismiss, 1.)  The School District Defendants also move to dismiss Plaintiff's claim for punitive damages.  (*Id*.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

---

[3] School District Defendants have interpreted Count VIII as a Pennsylvania tort action.  In her Response to the Motion to Dismiss Plaintiff states that this claim is brought under the Fourth Amendment of the Constitution.

4

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In *Iqbal*, the Supreme Court set forth a two-part analysis that district courts must conduct when reviewing a complaint challenged under Rule 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (describing *Iqbal*'s two-step inquiry). The district court must first separate "the factual and legal elements of a claim," accepting all of the complaint's well-pleaded facts as true but rejecting legal conclusions. *Id.* at 210 (citing *Iqbal*, 129 S. Ct. at 1949); *see also Iqbal*, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim]."). Under this analysis, well-pleaded factual allegations are to be given a presumption of veracity. *Iqbal*, 129 S. Ct. at 1950. The district court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 129 S. Ct. at 1950). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *Id.* By contrast, a complaint that demonstrates entitlement to relief through well-pleaded facts will survive a motion to dismiss. *See id.* Given the nature of the two-part analysis, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950).

### III.   ANALYSIS

#### A.   Invasion of Privacy

The School District Defendants seek dismissal of Plaintiff's claim for invasion of privacy on the grounds that it is time barred by the applicable statute of limitations. (Mot. Dismiss 3-6.)

5

In response, Plaintiff argues that the continuing violations doctrine applies, making her claim for invasion of privacy timely. (Pl.'s Resp. 10, ECF No. 13.)

Federal courts apply the relevant state statute of limitations in state law-tort claims. *Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir. 1989). Pennsylvania law provides a one-year statute of limitations for "an action for libel, slander or invasion of privacy." 42 Pa. Cons. Stat. § 5523(1). The time within which a matter must be commenced is calculated from the time the cause of action accrued. *Id*. § 5502. "[A] cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). Normally, the cause of action accrues at the moment the plaintiff is injured. *Debiec v. Cabot Corp.*, 352 F.3d 117, 129 (3d Cir. 2003). Here, the incident giving rise to the claims occurred on April 24, 2008. Plaintiff filed her Complaint on April 16, 2010, almost two years later.

Plaintiff argues that pursuant to the continuing-violations doctrine, her injury is continuous from April 24, 2008, until the present day, and that as a result her action was filed well within the one year limitations period. (Pl.'s Resp. 13.) Specifically, Plaintiff contends that the School District Defendants invaded her privacy and portrayed her in a false light by charging her with various felonies and "making it appear to others" that she "violated the laws of the Commonwealth of Pennsylvania and/or otherwise engaged in conduct that was inconsistent" with her character and reputation. (Compl. 17-18.) Plaintiff alleges that this injury is continuous because entry of these charges exists on her school record "to this very day" and on her criminal record "to this very day." (Pl.'s Resp. 12-13.)

The Third Circuit has recognized that "when a defendant's conduct is part of a continuing

6

practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *McCreary v. Redevelopment Auth. of the City of Erie*, No. 10-4243, 2011 WL 1848333, at *4 (3d Cir. May 17, 2011) (citing *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (quotation marks omitted)). However, a "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Cowell*, 263 F.3d at 293. "The focus of the continuing violations doctrine is on affirmative acts of the defendants." *Id*. Here, the affirmative acts of the Defendants on which Plaintiff bases her invasion of privacy claim are the damage to her character and reputation and the presence of charges on her school and criminal record. These are merely "continual ill effects" of the alleged invasion of privacy, not "continual unlawful acts" perpetrated by Defendants. Accordingly, we are compelled to conclude that Plaintiff's claim for invasion of privacy is time barred and must be dismissed.

### B. Punitive Damages

Defendant School District of Philadelphia seeks dismissal of Plaintiff's claim for punitive damages on the grounds that recovery of punitive damages against municipalities is prohibited by both federal and state law. (Mot. Dismiss 6-7.)

It is well settled that punitive damages are not permitted against municipalities unless expressly authorized by statute. The case law on this subject is clear. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that punitive damages are not recoverable against a municipality under §§ 1981 or 1983); *see also Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 372 (3d Cir. 2004) (citations omitted); *see also*; *Doe v. Cnty of Centre*, 242 F.3d 437,

458 (3d Cir. 2001) (holding that punitive damages are not recoverable against a municipality under Title II of the ADA or § 504 of the Rehabilitation Act); *Feingold v. SEPTA*, 517 A.2d 1270 (Pa. 1986) (holding that punitive damages are inappropriate against a Commonwealth agency in a personal injury tort action). Thus, to the extent Plaintiff seeks punitive damages against the School District of Philadelphia on its federal civil rights claims or its Pennsylvania tort claims, punitive damages are barred. We will therefore dismiss all claims for punitive damages against the School District of Philadelphia.

C.  **State-Law Tort Claims Against the School District**

Finally, the School District of Philadelphia seeks dismissal of all of Plaintiff's state-law tort claims on the grounds that these claims are barred by the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. §§ 8541 *et seq.*[4] (Mot. Dismiss 7.) Specifically, the School District seeks dismissal of Count II (Failure to Supervise); Count IV (Malicious Prosecution); Count V (False Arrest and False Imprisonment); Count VIII (Assault – Police Brutality); and Count X (Intentional Infliction of Emotional Distress).[5]

The Pennsylvania Political Subdivision Tort Claims Act (PSTCA) provides immunity from personal injury suits for the Commonwealth's political subdivisions except under limited

---

[4] Plaintiff responds to the School District's Motion by arguing that there is no immunity for intentional torts under 42 Pa. Cons. Stat. Ann. § 8550. (Pl.'s Resp. 17-18.) We disagree. Section 8550 of the Act "jettisons only those immunities held by municipal *employees* and only then for forms of willful misconduct. This section does not, however, abrogate the general retention of *municipal* immunity." *Gines by Gines v. Bailey*, No. 92-4170, 1992 WL 394512, at * 5-6 (E.D. Pa. Dec. 29, 1992).

[5] In her Response to the Motion to Dismiss, Plaintiff advises that Counts II and VIII are not state-law tort claims. Plaintiff asserts that Count II is a *Monell* claim and Count VIII is a Fourth Amendment claim.

8

circumstances. 42 Pa. Cons. Stat. Ann. § 8541. Section 8541 of the PSTCA provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." The School District of Philadelphia is a local agency within the meaning of the PSTCA. *Joyner v. Sch. Dist. of Phila.*, 313 F. Supp. 2d 495, 504 (E.D. Pa. 2004); *Smith v. Sch. Dist. of Phila.*, 112 F. Supp. 2d 417, 424 (E.D. Pa. 2000).

The PSTCA provides eight narrow exceptions to immunity. False arrest and false imprisonment, malicious prosecution and intentional infliction of emotional distress do not fit within any of the Act's exceptions. *See* 42 Pa. Cons. Stat. Ann. § 8542(b); *Johnson v. Sch. Dist. of Phila.*, No. 06-4826, 2008 WL 3927381, at *10 (E.D. Pa. Aug. 21, 2008.) Accordingly, we must dismiss Counts IV, V and X as they apply to the School District of Philadelphia.

## IV. CONCLUSION

For the foregoing reasons, the School District Defendants' Motion will be granted.

An appropriate Order follows.

BY THE COURT

_____

R. Barclay Surrick, J.