## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Chesarae Travis | ) | |
| 9207 Exeter Road | ) | |
| Philadelphia, Pennsylvania 19114 | ) | |
|         Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 10-CV-1689 |
| | ) | |
| | ) | |
| School District Police Officer Charles Deshiel | ) | |
| SCHOOL DISTRICT OF PHILADELPHIA | ) | |
| 400 North Broad Street | ) | |
| Philadelphia, Pennsylvania 19114; | ) | |
| | ) | |
| Dr. Donald C. Donley, Principal, In His Individual and | ) | |
| Official Capacities | ) | |
| SCHOOL DISTRICT OF PHILADELPHIA | ) | |
| Abraham Lincoln High School | ) | |
| 3201 Ryan Avenue | ) | |
| Philadelphia, Pennsylvania 19136; | ) | |
| | ) | |
| Climate Manager, Stephanie McLaughlin, | ) | |
| In Her Individual and Official Capacities | ) | |
| SCHOOL DISTRICT OF PHILADELPHIA | ) | |
| Abraham Lincoln High School | ) | |
| 3201 Ryan Avenue | ) | |
| Philadelphia, Pennsylvania 19136; | ) | |
| | ) | |
| Dean of Students, P. Reichwein, In His Individual and | ) | |
| Official Capacities | ) | |
| SCHOOL DISTRICT OF PHILADELPHIA | ) | |
| Abraham Lincoln High School | ) | |
| 3201 Ryan Avenue | ) | |
| Philadelphia, Pennsylvania 19136; | ) | |
| | ) | |
| Dean of Students, R. Raynes, In His Individual and | ) | |
| Official Capacities | ) | |
| SCHOOL DISTRICT OF PHILADELPHIA | ) | |
| Abraham Lincoln High School | ) | |
| 3201 Ryan Avenue | ) | |
| Philadelphia, Pennsylvania 19136; | ) | |
| | ) | |

SCHOOL DISTRICT OF PHILADELPHIA                )
400 North Broad Street                          )
Philadelphia, Pennsylvania 19103;               )
                                                )
CITY AND COUNTY OF PHILADELPHIA                 )
c/o Law Department                              )
1515 Arch Street, 14th Floor                    )
Philadelphia, PA 19102;                         )
                                                )
Charles H. Ramsey, Police Commissioner          )
CITY OF PHILADELPHIA                            )
c/o Law Department                              )
1515 Arch Street, 14th Floor                    )
Philadelphia, PA 19102;                         )
                                                )
City of Philadelphia Police Officer Brian Trush )
In His Individual and Official Capacities        )
c/o Law Department                              )
1515 Arch Street, 14th Floor                    )
Philadelphia, PA 19102;                         )
                                                )
City of Philadelphia Police Officer Felisa Massey )
In Her Individual and Official Capacities         )
c/o Law Department                              )
1515 Arch Street, 14th Floor                    )
Philadelphia, PA 19102;                         )
                                                )
City of Philadelphia Police Officer Jamesetta Muhammad )
In Her Individual and Official Capacities         )
c/o Law Department                              )
1515 Arch Street, 14th Floor                    )
Philadelphia, PA 19102;                         )
                                                )
City of Philadelphia Police Officer Iris Oliver )
In Her Individual and Official Capacities         )
c/o Law Department                              )
1515 Arch Street, 14th Floor                    )
Philadelphia, PA 19102;                         )
                                                )
City of Philadelphia Police Officer Frank Ray   )
In His Individual and Official Capacities        )
c/o Law Department                              )
1515 Arch Street, 14th Floor                    )
Philadelphia, PA 19102;                         )
                                                )
City of Philadelphia Police Officer Francis McCloskey )

Individual and Official Capacities                           )
c/o Law Department                                          )
1515 Arch Street, 14th Floor                                )
Philadelphia, PA 19102;                                     )
                                                           )
City of Philadelphia Police Officer Christopher Primavera   )
In His Individual and Official Capacities                   )
c/o Law Department                                          )
1515 Arch Street, 14th Floor                                )
Philadelphia, PA 19102;                                     )
                                                           )
City of Philadelphia Police Officer Abraham Polokoff        )
In His Individual and Official Capacities                   )
c/o Law Department                                          )
1515 Arch Street, 14th Floor                                )
Philadelphia, PA 19102;                                     )
                                                           )
City of Philadelphia Police Officer Kathleen Cuniff         )
In Her Individual and Official Capacities                   )
c/o Law Department                                          )
1515 Arch Street, 14th Floor                                )
Philadelphia, PA 19102;                                     )
                                                           )
City of Philadelphia Police Officer Lillian Albert          )
In His Individual and Official Capacities                   )
c/o Law Department                                          )
1515 Arch Street, 14th Floor                                )
Philadelphia, PA 19102;                                     )
                                                           )
City of Philadelphia Police Sgt. Deblasis, Badge # 585      )
Individual and Official Capacities                           )
c/o Law Department                                          )
1515 Arch Street, 14th Floor                                )
Philadelphia, PA 19102;                                     )
                                                           )
City of Philadelphia Police Sgt. Meehan, Badge # 324        )
Individual and Official Capacities                           )
c/o Law Department                                          )
1515 Arch Street, 14th Floor                                )
Philadelphia, PA 19102;                                     )
                                                           )
City of Philadelphia Police Sgt. Massaro, Badge # 258       )
Individual and Official Capacities                           )
c/o Law Department                                          )
1515 Arch Street, 14th Floor                                )
Philadelphia, PA 19102;                                     )

City of Philadelphia Police Sgt. Ries, Badge # 8594       )
Individual and Official Capacities                         )
c/o Law Department                                         )
1515 Arch Street, 14th Floor                               )
Philadelphia, PA 19102;                                    )
                                                           )
City of Philadelphia Police Cpl. Coleman, Badge # 8215     )
Individual and Official Capacities                         )
c/o Law Department                                         )
1515 Arch Street, 14th Floor                               )
Philadelphia, PA 19102;                                    )
                                                           )
City of Philadelphia Police Cpl. Cason, Badge # 8350       )
Individual and Official Capacities                         )
c/o Law Department                                         )
1515 Arch Street, 14th Floor                               )
Philadelphia, PA 19102;                                    )
                                                           )
City of Philadelphia Police Cpl. Hartman, Badge # 8151     )
Individual and Official Capacities                         )
c/o Law Department                                         )
1515 Arch Street, 14th Floor                               )
Philadelphia, PA 19102;                                    )
                                                           )
City of Philadelphia Police Officer Turner, Badge # 172    )
Individual and Official Capacities                         )
c/o Law Department                                         )
1515 Arch Street, 14th Floor                               )
Philadelphia, PA 19102;                                    )
                                                           )
City of Philadelphia Police Officer Styles, Badge # 135    )
Individual and Official Capacities                         )
c/o Law Department                                         )
1515 Arch Street, 14th Floor                               )
Philadelphia, PA 19102;                                    )
                                                           )
City of Philadelphia Police Officer Albert, Badge # 163    )
Individual and Official Capacities                         )
c/o Law Department                                         )
1515 Arch Street, 14th Floor                               )
Philadelphia, PA 19102;                                    )
                                                           )
City of Philadelphia Police Officer Reese, Badge # 166     )
Individual and Official Capacities                         )
c/o Law Department                                         )
1515 Arch Street, 14th Floor                               )

Philadelphia, PA 19102;                                )
                    Defendants.                         )

## FIRST AMENDED CIVIL ACTION COMPLAINT

This is an Amended Civil Action Complaint by Plaintiff, Chesarae Travis, seeking damages and punitive damages against the named Defendants for violations of her constitutional and other federally guaranteed and protected rights, additional relief will be sought under state law.

### I. JURISDICTION

1. This action is brought pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, other constitutional provisions and federal statutes. Jurisdiction is also based upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and Constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

### II. PARTIES

2. Plaintiff, Chesarae Travis ("Ms. Travis" or "Plaintiff"), is a Caucasian female adult resident of the Commonwealth of Pennsylvania, whose address is set forth in the caption. At all times relevant here, Ms. Travis was a student in the School District of Philadelphia and attending Abraham Lincoln High School.

3. Defendant, Police Officer Charles Deshiel ("Defendant Deshiel") is an African-American male adult resident of the Commonwealth of Pennsylvania. At all times relevant hereto, Defendant Deshiel was a School Police Officer employed by the School District of Philadelphia and assigned to Abraham Lincoln High School.

4.  Defendant, Dr. Donald C. Donley ("Defendant Donley") is a male adult resident of the Commonwealth of Pennsylvania.  At all times relevant hereto, Defendant Donley was a Principal employed by the School District of Philadelphia and assigned to Abraham Lincoln High School.

5.  Defendant, Climate Manager, Stephanie McLaughlin ("Defendant McLaughlin") is an African-American female adult resident of the Commonwealth of Pennsylvania.  At all times relevant hereto, Defendant McLaughlin was a Climate Manager employed by the School District of Philadelphia and assigned to Abraham Lincoln High School.

6.  Defendant, Dean of Students, P. Reichwein ("Defendant Reichwein") is a male adult resident of the Commonwealth of Pennsylvania.  At all times relevant hereto, Defendant Reichwein was a Dean of Students employed by the School District of Philadelphia and assigned to Abraham Lincoln High School.

7.  Defendant, Dean of Students, R. Raynes ("Defendant Raynes") is a male adult resident of the Commonwealth of Pennsylvania.  At all times relevant hereto, Defendant Raynes was a Dean of Students employed by the School District of Philadelphia and assigned to Abraham Lincoln High School.

8.  Defendant, School District of Philadelphia is the provider of educational service for the City of Philadelphia, Pennsylvania and maintained and controlled Abraham Lincoln High School.  It employed Defendants Deshiel, Donley, McLaughlin and Reichwein.  At all times relevant hereto, Defendant School District of Philadelphia was a recipient of federal funds (Title VI) and state funds to facilitate its educational programs and activities.

9.  Defendant, City and County of Philadelphia, Pennsylvania is a municipality organized under Pennsylvania law.  At all times relevant hereto, Defendant City and County of

Philadelphia owned, maintained and operated the City of Philadelphia Police Department. At all times relevant hereto, Defendant City and County of Philadelphia was a recipient of federal funds (Title VI) and state funds to facilitate its police and educational programs and activities.  It employed as state actors all the individually named City police officers and police supervisory officials.

10. Defendant, City of Philadelphia Police Commissioner, Charles H. Ramsey ("Defendant Ramsey") is the City of Philadelphia Police Commissioner employed by and the agent of the City of Philadelphia. Defendant Ramsey is sued in his individual and official capacities. At all times relevant hereto Defendant Ramsey was acting under the color of state law as the City of Philadelphia Police Commissioner.

11. Defendant, City of Philadelphia Police Officer Brian Trush ("Defendant Trush"), is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Massey was acting in his individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

12. Defendant, City of Philadelphia Police Officer Felisa Massey ("Defendant Massey") is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Massey was acting in her individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

13. Defendant, City of Philadelphia Police Officer Jamesetta Muhammad ("Defendant Muhammad") is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Muhammad was acting in her individual and official capacities as an employee

of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

14. Defendant, City of Philadelphia Police Officer Iris Oliver ("Defendant Oliver") is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Oliver was acting in her individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

15. Defendant, City of Philadelphia Police Officer Frank Ray ("Defendant Ray") is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Ray was acting in his individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

16. Defendant, City of Philadelphia Police Officer Francis McCloskey ("Defendant McCloskey") is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant McCloskey was acting individually and officially as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

17. Defendant, City of Philadelphia Police Officer Christopher Primavera ("Defendant Primavera") is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Primavera was acting in his individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

18. Defendant, City of Philadelphia Police Officer Abraham Polokoff ("Defendant Polokoff") is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Polokoff was acting in his individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

19. Defendant, City of Philadelphia Police Officer Kathleen Cuniff ("Defendant Cuniff") is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Cuniff was acting in her individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

20. Defendant, City of Philadelphia Police Officer Lillian Albert ("Defendant Albert") is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Albert was acting in her individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

21. Defendant, City of Philadelphia Police Sgt. Deblasis, Badge # 585 ("Defendant Deblasis"), is a City of Philadelphia Police Sergeant.  At all times relevant hereto, Defendant Deblasis was acting in individual and official capacities (supervisory) as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

22. Defendant, City of Philadelphia Police Sgt. Meehan, Badge # 324 ("Defendant Meehan"), is a City of Philadelphia Police Sergeant.  At all times relevant hereto, Defendant Meehan was acting in individual and official capacities (supervisory) as an employee of the City of

Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

23. Defendant, City of Philadelphia Police Sgt. Massaro, Badge # 258 ("Defendant Massaro"), is a City of Philadelphia Police Sergeant.  At all times relevant hereto, Defendant Massaro was acting in individual and official capacities (supervisory) as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

24. Defendant, City of Philadelphia Police Sgt. Ries, Badge # 8594 ("Defendant Ries"), is a City of Philadelphia Police Sergeant.  At all times relevant hereto, Defendant Ries was acting in individual and official capacities (supervisory) as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

25. Defendant, City of Philadelphia Police Cpl. Coleman, Badge # 8215 ("Defendant Coleman"), is a City of Philadelphia Police Corporal.  At all times relevant hereto, Defendant Coleman was acting in individual and official capacities (supervisory) as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

26. Defendant, City of Philadelphia Police Cpl. Cason, Badge # 8350 ("Defendant Cason"), is a City of Philadelphia Police Corporal.  At all times relevant hereto, Defendant Cason was acting in individual and official capacities (supervisory) as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

27. Defendant, City of Philadelphia Police Cpl. Hartman, Badge # 8151 ("Defendant Hartman"), is a City of Philadelphia Police Corporal.  At all times relevant hereto, Defendant Hartman was acting in individual and official capacities (supervisory) as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

28. City of Philadelphia Police Officer Turner, Badge # 172 ("Defendant Turner"), is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Turner was acting in individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

29. City of Philadelphia Police Officer Styles, Badge # 135 ("Defendant Styles"), is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Styles was acting in individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

30. City of Philadelphia Police Officer Albert, Badge # 163 ("Defendant Albert"), is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Albert was acting in individual and official capacities as an employee of the City of Philadelphia Police Department, which is a department under the control of the City and County of Philadelphia.

31. City of Philadelphia Police Officer Reese, Badge # 166 ("Defendant Reese"), is a City of Philadelphia Police Officer.  At all times relevant hereto, Defendant Reese was acting in individual and official capacities as an employee of the City of Philadelphia Police

Department, which is a department under the control of the City and County of Philadelphia.

## III. FACTS

32. On April 24, 2008, Ms. Travis was enrolled as an 11th grade student at Abraham Lincoln High School.

33. On April 24, 2008, Ms. Travis was late arriving at school and was without her school issued identification and given a "Tardy Pass" with her picture and Student Identification Number indicating that she arrived at "08:15:58."

34. At the time Ms. Travis was 5'-3" and weighed approximately 115 lbs.

35. Prior to April 24, 2008, Ms. Travis provided Abraham Lincoln's administrators with a notice from her medical doctor that she was suffering from chronic Pyelonephritis, a bacterial infection of her kidneys.

36. That doctor's notice was put in Ms. Travis' school file.

37. Thereafter, school officials recognized Ms. Travis as having a disability and accommodated her disability by giving a restroom pass whenever she needed to attend her medical needs.

38. One of the symptoms that Ms. Travis was suffering as result of her chronic Pyelonephritis was urgent and frequent urination.

39. On April 24, 2008, Ms. Travis was excused by her teacher to go the ladies' restroom, but her teacher neglected to give her a pass.

40. Before she arrived at the restroom she was stopped by Defendant Deshiel and the other school police officer.

41. Without provocation or legal authority, Defendant Deshiel and the other school police officer began to verbally harass and berate her with gender and sexually derogatory language.

42. As Ms. Travis tried to continue to ladies room, Defendant Deshiel and the other school police officer blocked her path and became verbally abusive.

43. At that time, Defendant McLaughlin came out of her office personally directed and acquiesced in the numerous violations of Ms. Travis' constitutional, civil and other rights by Defendants Deshiel and Doe and acted in concert with Defendants Deshiel and the other school police officer, without provocation or legal justification, to physically assault Ms. Travis by violently shoving her into Defendant McLaughlin's office and closed and locked the door.

44. At no time did Defendant McLaughlin attempt to stop Defendants Deshiel and the other school police officer verbal abuse and physical assault of Ms. Travis.

45. At no time did Defendant McLaughlin attempt to call senior school official, school police supervisor or city police officer or state police officer to intervene on Ms. Travis' behalf.

46. While Ms Travis was locked in Defendant McLaughlin's office, she told Defendants Deshiel, the other school police officer and McLaughlin that she had to use the toilet because of her medical condition, but she was denied access to the toilet.

47. After the door opened to allow more school police officers in Defendant McLaughlin's office, Ms. Travis tried to leave the office to use the toilet.

48. Defendant Deshiel responded by violently grabbing Ms. Travis and slamming her against a wooden bench, handcuffing her and the violently slamming Ms. Travis to the cement floor so hard that she urinated on herself and the floor.

13

49. After Ms. Travis told Defendant Deshiel what he had done, he responded by saying, "oh well" and then dragged Ms. Travis by the handcuffs through the urine on the floor.

50. Then, in the presence of Defendant McLaughlin and the other school police officer, Defendant Deshiel picked Ms. Travis up by the handcuffs and threw her across Defendant McLaughlin's office.

51. Then Defendant Deshiel lewdly tormented and harassed Ms. Travis by "grinding" his pubic area in her face and making lewd and threatening remarks.

52. Then while Ms. Travis was sitting on a bench battered, bruised and wet with urine, Defendant Deshiel unlawfully took a picture of her with his personal cell phone.

53. During the more entire time that Ms. Travis was in Defendants Deshiel and McLaughlin's custody, she was unlawfully denied medical treatment and a change of clothes.

54. Ms. Travis reasonably believes and avers that the mistreatment that she suffered at the hands of Defendants Deshiel and McLaughlin was undertaken by them pursuant to an unconstitutional custom, policy and practice that has gone on for years with the explicit knowledge of Defendant Donley and other supervisory and policy making officials in the School District of Philadelphia and other governmental agencies, including but not limited to Defendant Donley, but wrongly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and in deliberate indifference to Ms. Travis' constitutional and other rights, nothing has been done to correct these constitutional violations.

55. Shortly thereafter, Defendants City of Philadelphia Police Officers Trush and Oliver arrived.

56. Although Ms. Travis told Defendants City of Philadelphia Police Officers Trush and Oliver several times that she seriously injured and was in need of medical attention, Defendants

Deshiel and McLaughlin told Defendant City of Philadelphia Police Officers Trush and Oliver that Ms. Travis was "faking."

57. Defendant City of Philadelphia Police Officers Trush and Oliver arrested Ms. Travis and wrongly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and  in deliberate indifference to her immediate serious medical needs transported her to the 15th District Police Precinct instead of to a hospital for immediate treatment of her serious medical conditions and injuries.

58. When Ms. Travis arrived at the 15th District Police Precinct, Defendants Massaro, Ries, Cason, Coleman and Hartman were the supervisory officers on duty.

59. Defendants Turner, Styles, Albert, Reese and Massey were the police officers on duty in the female cell-block area.

60. Defendants Turner, Styles, Albert, Reese and Massey were the police officers on duty in the female cell-block area; each of these Defendants had personal contact with Ms. Travis and was responsible for her constitutional and humane treatment.

61. During the course of Ms. Travis' imprisonment at the 15th District Police Precinct, she repeatedly complained to Defendants Turner, Styles, Albert, Reese and Massey about her pre-existing medical condition, injuries and soiled clothing.

62. Defendants Turner, Styles, Albert, Reese and Massey repeatedly ignored and were deliberately indifferent to Ms. Travis' complaints about her pre-existing medical condition, injuries and soiled clothing.

63. On April 24, 2008 at 3:10:46 p.m., Defendant Ray had personal contact with Ms. Travis because he interviewed her and completed a "Philadelphia Police Department Detainee's Medical Checklist."

64. On Ms. Travis' "Philadelphia Police Department Detainee's Medical Checklist," Defendant Ray specifically noted that Ms. Travis was suffering from "Kidney Infection, Asthma, Left Wrist and Back" injuries, and repeatedly indicated that she was a "Medical Alert."

65. However, Defendant Ray did not provide Ms. Travis was any medical attention, nor did he summon any medical personnel to attend to Ms. Travis' medical needs.

66. Ms. Travis reasonably believes and avers that Defendant Ray's deliberate indifference to Ms. Travis' complaints about her pre-existing medical condition, injuries and soiled clothing were in unlawful concert with each other and otherwise pursuant to well-known custom, policy and practice of ignoring the serious medical needs to pretrial detainees like Ms. Travis.

67. On April 24, 2008 at 8:07:18 p.m., Defendant Massey had personal contact with Ms. Travis because she interviewed her and completed a "Philadelphia Police Department Detainee's Medical Checklist."

68. On Ms. Travis' "Philadelphia Police Department Detainee's Medical Checklist," Defendant Massey specifically noted that Ms. Travis was a "Medical Alert."

69. However, Defendant Massey did not provide Ms. Travis was any medical attention, nor did she summon any medical personnel to attend to Ms. Travis' medical needs.

70. Ms. Travis reasonably believes and avers that Defendant Massey's deliberate indifference to Ms. Travis' complaints about her pre-existing medical condition, injuries and soiled clothing were in unlawful concert with each other and otherwise pursuant to well-known custom, policy and practice of ignoring the serious medical needs to pretrial detainees like Ms. Travis.

71. Ms. Travis reasonably believes and avers that Defendants Turner, Styles, Albert, Reese, Ray and Massey's repeated deliberate indifference to Ms. Travis' complaints about her pre-existing medical condition, injuries and soiled clothing were in unlawful concert with each other and otherwise pursuant to well-known custom, policy and practice of ignoring the serious medical needs to pretrial detainees like Ms. Travis.

72. Ms. Travis reasonably believes and avers that Defendants City of Philadelphia, Ramsey, Massaro, Ries, Cason, Coleman and Hartman wrongly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and in deliberate indifference to her medical needs failed to train and supervise Defendants Turner, Styles, Albert, Rees, Ray and Massey in how to properly respond to Ms. Travis' complaints about her pre-existing medical condition, injuries and soiled clothing.

73. After Ms. Travis arrived at the Police Administration Building, she was wrongly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and in deliberate indifference subjected to a humiliating strip search by Defendants Muhammad and Massey where she had to expose her vaginal and anal body cavities to Defendants Muhammad and Massey.

74. The City of Philadelphia's custom, policy and practice of humiliating strip search whereby pretrial detainees such as Ms. Travis must expose their vaginal and body cavities to police officers such as Defendants Muhammad and Massey is unconstitutional and has been the subject of a class-action lawsuit where Defendant City of Philadelphia agreed to stop such strip searches.

75. The continued conduct of humiliating strip search whereby pretrial detainees such as Ms. Travis must expose their vaginal and body cavities to police officers such as Defendants

Muhammad and Massey is in violation of the consent decree entered into by Defendant City of Philadelphia.

76. During the time that Ms. Travis was detained at the Police Administration Building, she came into personal contact with Defendants Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert, and she repeatedly complained to Defendants Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert about her pre-existing medical condition, injuries and soiled clothing.

77. Defendants Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert repeatedly ignored Ms. Travis' pre-existing medical condition, injuries and soiled clothing.

78. Ms. Travis reasonably believes and avers that Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert's wrongful, intentional, willful, maliciously, wanton, negligent, reckless and repeated deliberate indifference to Ms. Travis' complaints about her pre-existing medical condition, injuries and soiled clothing were in unlawful concert with each other and otherwise pursuant to well-known custom, policy and practice of ignoring the serious medical needs to pretrial detainees like Ms. Travis.

79. Ms. Travis reasonably believes and avers that Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert's wrongful, intentional, willful, maliciously, wanton, negligent, reckless and repeated deliberate indifference to Ms. Travis' complaints about her pre-existing medical condition, injuries and soiled clothing were in unlawful concert with each other and otherwise pursuant to well-known custom, policy and practice of ignoring the serious medical needs to pretrial detainees like Ms. Travis.

80. Ms. Travis reasonably believes and avers that Defendants City of Philadelphia, Ramsey, Deblasis, Meehan, Massaro, Ries, Cason, Coleman and Hartman in deliberate indifference to her medical needs wrongly, intentionally, willfully, maliciously, wantonly, negligently, recklessly failed to train and supervise Defendants Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert in how to properly respond to Ms. Travis' medical needs and complaints about her pre-existing medical condition, injuries and soiled clothing.

81. During the time that Ms. Travis was detained at the Police Administration Building, she was also fingerprinted and photographed and a criminal identification number was assigned to her, and that information was forwarded to the Pennsylvania State Police and the Federal Bureau of Investigation where it remains to this day.

82. As a result of Defendants Deshiel and McLaughlin wrongful, intentional, willful, malicious, wanton, negligent, reckless and false statements to the City of Philadelphia police officers, Ms. Travis was wrongly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and indifferently charged with  aggravated assault, simple assault, recklessly endangering another person and disorderly conduct.

83. Before Ms. Travis was released from custody, her father had to post a monetary bail that she had to repay.

84. The City of Philadelphia kept 30 percent of Ms. Travis' bail money and has refused to return it to her.

85. On April 25, 2008, after she was released from jail, Ms. Travis went to emergency room at Frankford Hospital where she was treated for serious physical injuries including cervical strain and multiple contusions.

86. Ms. Travis was in physical pain for several weeks and suffered mental and emotional distress as direct result of Defendants' wrongful, intentional, willful, malicious, wanton, negligent, reckless and unlawful conduct.

87. To this day, Ms. Travis remains fearful of Defendants Deshiel and McLaughlin and she does not trust city police officers.

88. On April 25, 2008, as a result of Defendants Deshiel, Doe and McLaughlin wrongful, intentional, willful, malicious, wanton, negligent, reckless and false statements to other school officials, Ms. Travis was wrongly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and indifferently charged with cutting classes, disruption of the educational climate and failing to identify herself to staff, without due process, Ms. Travis was suspended from school by Defendants Raynes and Reichwein.

89. Ms. Travis reasonably believes and avers that Defendants Raynes and Reichwein did not engage in any meaningful review of any of the unlawful wrongful, intentional, willful, malicious, wanton, negligent and reckless allegations against her; rather they simply "rubber stamped" and otherwise participated in, personally directed, or knew about and acquiesced in the numerous violations of Ms. Travis' constitutional, civil and other rights by Defendants Deshiel and McLaughlin.

90. Ms. Travis reasonably believes and avers that the mistreatment that she suffered at the hands of Defendants Raynes and Reichwein were undertaken by them pursuant to an unconstitutional custom, policy and practice that has gone on for years with the explicit knowledge of Defendant Donley and other supervisory and policy making officials in the School District of Philadelphia and other governmental agencies, including but not limited

to Defendant Donley, but in complete and deliberate indifference to Ms. Travis' constitutional and other rights, nothing has been to correct these constitutional violations.

91. On April 25, 2008, Defendant Donley approved Defendants Raynes and Reichwein's suspension of Ms. Travis from school.

92. Ms. Travis reasonably believes and avers that Defendant Donley did not engage in any meaningful review of any of the unlawful wrongful, intentional, willful, malicious, wanton, negligent and reckless allegations against her; rather he simply "rubber stamped" and otherwise participated in, personally directed, or knew about and acquiesced in the numerous violations of Ms. Travis' constitutional, civil and other rights by Defendants Deshiel, McLaughlin, Raynes and Reichwein's unlawful, wrongful, intentional, willful, malicious, wanton, negligent and reckless actions.

93. Ms. Travis had to retain counsel and great monetary expense to defend against the false, wrongful, intentional, willful, malicious, wanton, negligent and reckless criminal charges.

94. On April 30, 2008, Ms. Travis was ordered to appear in a Philadelphia County Court to face the wrongful, intentional, willful, malicious, wanton, negligent and reckless criminal charges made by Defendants Deshiel and McLaughlin, but they intentionally did not appear in court.

95. On July 25, 2008, again, Ms. Travis was ordered to appear in a Philadelphia County Court to face the wrongful, intentional, willful, malicious, wanton, negligent and reckless criminal charges made by Defendants Deshiel and McLaughlin, but they intentionally did not appear in court.

96. On September 12, 2008, again, Ms. Travis was ordered to appear in a Philadelphia County Court to face the wrongful, intentional, willful, malicious, wanton, negligent and reckless

criminal charges made by Defendants Deshiel and McLaughlin, but they intentionally did not appear in court.

97. Finally, on September 12, 2008, all of the false, wrongful, intentional, willful, malicious, wanton, negligent and reckless criminal charges against Ms. Travis were dismissed.

98. From April 24, 2008 through September 12, 2008, Ms. Travis maintained that she was actually innocent of the false, wrongful, intentional, willful, malicious, wanton, negligent and reckless criminal charges against filed against her, and was fully prepared to vigorously defend herself at a jury trial to prove her actual innocence.

99. Even though all criminal charges were dismissed, Ms. Travis' reputation has suffered because she has been required to notify prospective employers and explain to college administrators her criminal record.

100. Ms. Travis reasonably believes and avers that she has been denied employment and other opportunities because of her criminal record that resulted from Defendants Deshiel and McLaughlin's false, unlawful, wrongful, intentional, willful, malicious, wanton, negligent and reckless actions.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### RACIAL AND GENDER DISCRIMINATION

101. Plaintiff hereby incorporates by reference, Paragraphs 1 through 100, as though they are fully set forth herein.

102. All individually named Defendants participated in, personally directed, or knew about and acquiesced in the numerous violations of Ms. Travis' rights.

103. Further, all individually named Defendants greed to act knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and with complete and deliberate

22

indifference, in concert and conspiracy with each other and others to violate Ms. Travis' constitutional rights because she is Caucasian and female.

104. As a result of Defendants' knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and deliberately indifferent concerted conduct, Ms. Travis has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of her constitutional and other state and federal rights.

105. Ms. Travis seeks relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the First, Fourth and Fourteenth Amendments to the United States Constitution, other constitutional provisions and federal statutes in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## AND REHABILITATION ACT

106. Plaintiff hereby incorporates by reference, Paragraphs 1 through 105, as though they are fully set forth herein.

107. All Defendants agreed to act under the color of state law, knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and with deliberate indifference, in concert and conspiracy with each other and others to violate Ms. Travis' rights under the Americans With Disabilities Act and the Rehabilitation Act by failing to accommodate her known and recognized disability between April 24, 2008 and May 10, 2008.

108. As a result of Defendants' knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and deliberately indifferent concerted conduct, Ms. Travis has suffered and continues to suffer great pain and suffering, emotional distress, mental

anguish, loss of reputation, scorn of the community, economic loss and loss of her constitutional and other state and federal rights.

109. Ms. Travis seeks relief under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the First, Fourth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest.

**THIRD CLAIM FOR RELIEF**
**DENIAL OF DUE PROCESS**
**SCHOOL DISTRICT DEFENDANTS**

110. Plaintiff hereby incorporates by reference, Paragraphs 1 through 109, as though they are fully set forth herein.

111. Defendants Deshiel, Doe and McLaughlin expressly or tacitly agreed to lie and did lie about the incidents of April 24, 2008 at a student disciplinary hearing in 2008.

112. Defendants Donley, Raynes, Reichwein and School District of Philadelphia knew or could have determined through reasonable investigation that Defendants Deshiel and McLaughlin were lodging false charges against Ms. Travis, but willfully failed to properly investigate Defendants Deshiel and McLaughlin's false allegations against Ms. Travis.

113. At all times relevant to Defendants' disciplinary actions against Ms. Travis, Defendants knew that she had a protected liberty interest in continued public education.

114. At all times relevant to Defendants' disciplinary actions against Ms. Travis, Defendants knew that she was entitled to reasonable notice of the false charges against her, but Defendants failed to provide Ms. Travis with reasonable notice of the false charges against her.

115. At all times relevant to Defendants' disciplinary actions against Ms. Travis, Defendants knew that she was entitled to the advice of an attorney, however, Defendants failed to disclose this right to Ms. Travis.

116. Ms. Travis seeks relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest.

**FOURTH CLAIM FOR RELIEF**
**FOURTH AMENDMENT - UNLAWFUL STRIP SEARCH**

117. Plaintiff hereby incorporates by reference, Paragraphs 1 through 116, as though they are fully set forth herein.

118. At all times from April 24, 2008 to April 25, 2008, while Ms. Travis was under arrest and in their custody, Defendants City and County of Philadelphia, Ramsey and Defendants Trush, Oliver, Turner, Styles, Albert, Reese, Ray, Massey, Muhammad, Deblasis, Meehan, Massaro, Ries, Cason, Coleman, Hartman, Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert had an unconstitutional custom, policy and practice of strip searching detainees arrest for minor offenses.

119. At all times from April 24, 2008 to April 25, 2008, while Ms. Travis was under arrest and in their custody, Defendants City and County of Philadelphia, Ramsey and Defendants Trush, Oliver, Turner, Styles, Albert, Reese, Ray, Massey, Muhammad, Deblasis, Meehan, Massaro, Ries, Cason, Coleman, Hartman, Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert she was detained, arrested for minor offense and strip searched by Defendants City and County of Philadelphia, Ramsey and Defendants Trush, Oliver, Turner, Styles, Albert, Reese, Ray, Massey, Muhammad, Deblasis, Meehan,

Massaro, Ries, Cason, Coleman, Hartman, Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert.

120. As a result of Defendants' knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and deliberately indifferent concerted conduct, Ms. Travis has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of her constitutional, civil and other state and federal rights.

121. Ms. Travis seeks relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the Fourth, and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO SUPERVISE – SCHOOL DISTRICT OF PHILADELPHIA

122. Plaintiff hereby incorporates by reference, Paragraphs 1 through 121, as though they are fully set forth herein.

123. Defendant, School District of Philadelphia and its policy and decision makers have been on notice of the intentional acts of unlawful conduct against students like Ms. Travis and other official misconduct by principals, climate managers, and police personnel for years.

124. Defendant, School District of Philadelphia and its policy and decision makers have knowingly, wrongfully, willfully, maliciously, wantonly, negligently and indifferently failed to supervise its employees or take any meaningful corrective action even though it could have by simply complying with the constitution, implementing additional training, different disciplinary practices, hiring and firing practices, supervision and not covering up or ignoring past intentional acts of unlawful conduct against students like Ms. Travis and

other official misconduct by principals, deans of students, climate managers, and school police personnel for years.

125. As a result of School District of Philadelphia and its policy and decision makers' knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and deliberately indifferent concerted conduct, Ms. Travis has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of her constitutional and other federal rights.

126. Ms. Travis seeks relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986  and 1988, the First, Fourth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest.

## SIXTH CLAIM FOR RELIEF
## FAILURE TO SUPERVISE – CITY OF PHILADELPHIA

127. Plaintiff hereby incorporates by reference, Paragraphs 1 through 126, as though they are fully set forth herein.

128. Defendant, City of Philadelphia, Ramsey and its policy and decision makers have been on notice of acts of deliberate indifference by Defendants Trush, Oliver, Turner, Styles, Albert, Reese, Ray, Massey, Muhammad, Massaro, Ries, Cason, Coleman, Hartman, Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert and other police officers and police personnel for years.

129. Defendant, City of Philadelphia and its policy and decision makers have knowingly, wrongfully, willfully, maliciously, wantonly, negligently and indifferently failed to supervise its police officers and police personnel or take any meaningful corrective action even though it could have by simply complying with the constitution, implementing

additional training, different disciplinary practices, hiring and firing practices, supervision and not covering up or ignoring past misconduct against citizens of Philadelphia and other official misconduct by its police officers and police personnel.

130. As a result of Defendants City of Philadelphia, Ramsey and their policy and decision makers' knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and deliberately indifferent concerted conduct, Ms. Travis has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of her constitutional and other federal rights.

131. Ms. Travis seeks relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986  and 1988, the First, Fourth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest.

**SEVENTH CLAIM FOR RELIEF**
**CONSPIRACY UNDER THE COLOR OF STATE LAW**
**TO VIOLATE PLAINTIFF'S CONSTITUTIONAL, CIVIL AND OTHER RIGHTS**

132. Plaintiff hereby incorporates by reference, Paragraphs 1 through 131, as though they are fully set forth herein.

133. All Defendants expressly or tacitly agreed to act and did expressly or tacitly act under the color of state law, knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and with deliberate indifference, in concert and conspiracy with each other and others to violate Ms. Travis' constitutional rights as stated herein.

134. As a result of Defendants' knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and deliberately indifferent concerted conduct, Ms. Travis has suffered and continues to suffer great pain and suffering, emotional distress, mental

28

anguish, loss of reputation, scorn of the community, economic loss and loss of her constitutional, civil and other state and federal rights.

135. Ms. Travis seeks relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest.

### EIGHTH CLAIM FOR RELIEF
### ASSAULT – POLICE BRUTALITY

136. Plaintiff hereby incorporates by reference, Paragraphs 1 through 135, as though they are fully set forth herein.

137. Defendants Deshiel and McLaughlin's concerted knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and deliberately indifferent assault of Ms. Travis was without legal authority or provocation and caused serious bodily injury and placed her in reasonable fear of continued bodily injury.

138. As a result of Defendants Deshiel and McLaughlin's knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and deliberately indifferent concerted conduct, Ms. Travis has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of her constitutional and other state and federal rights.

139. Ms. Travis seeks relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the First, Fourth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest.

### NINTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## SCHOOL DISTRICT DEFENDANTS

140. Plaintiff hereby incorporates by reference, Paragraphs 1 through 139, as though they are fully set forth herein.

141. Defendants Deshiel, McLaughlin, Donley, Raynes, Reichwein and School District of Philadelphia's conduct was done knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and with deliberate indifference to cause Ms. Travis extreme emotional distress.

142. Defendants Deshiel, McLaughlin, Donley, Raynes, Reichwein and School District of Philadelphia's malicious and abusive assault, false arrest and imprisonment and prosecution of Ms. Travis was done knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and with deliberate indifference to cause Ms. Travis extreme emotional distress because she could have been convicted and imprisoned for a crime she did not commit.

143. At all times from April 24, 2008 until September 12, 2008, Defendants Deshiel, McLaughlin, Donley, Raynes, Reichwein and School District of Philadelphia knew or could have known through reasonable investigatory methods that Ms. Travis was actually innocent; yet Defendants Deshiel, McLaughlin, Donley, Raynes, Reichwein and School District of Philadelphia did not undertake any action to clear Ms. Travis, to the contrary, Defendants Deshiel, McLaughlin, Donley, Raynes, Reichwein and School District of Philadelphia did everything they could to attempt to wrongfully charged and convict an innocent person.

144. Defendants' conduct was grossly reckless and beyond the bounds of conduct tolerated in a civilized society.

145. As a result of Defendants' knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and deliberately indifferent concerted conduct, Ms. Travis has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of her constitutional and other state and federal rights.

146. Ms. Travis seeks relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986  and 1988, the First, Fourth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest.

**TENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**CITY AND COUNTY OF PHILADELPHIA DEFENDANTS**

147. Plaintiff hereby incorporates by reference, Paragraphs 1 through 146, as though they are fully set forth herein.

148. Defendants City and County of Philadelphia, Ramsey and Defendants Trush, Oliver, Turner, Styles, Albert, Reese, Ray, Massey, Muhammad, Deblasis, Meehan, Massaro, Ries, Cason, Coleman, Hartman, Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert's conduct was done knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and with deliberate indifference to cause Ms. Travis extreme emotional distress.

149. At all times from April 24, 2008 to April 25, 2008, while Ms. Travis was under arrest and in their custody, Defendants City and County of Philadelphia, Ramsey and Defendants Trush, Oliver, Turner, Styles, Albert, Reese, Ray, Massey, Muhammad, Deblasis, Meehan, Massaro, Ries, Cason, Coleman, Hartman, Massey, McCloskey, Muhammad, Primavera, Harris, Polokoff, Cuniff and Albert knew or could have known through a reasonable

investigation that Ms. Travis suffered from a medical disability and was a disabled student under Section 504 of the Rehabilitation Act and the Americans With Disabilities Act and that she was seriously injured at the hands of the School District Defendants.

150. Defendants repeatedly ignored Ms. Travis' pleas for medical attention and caused her to suffer unnecessary physical pain and suffering and emotional pain and suffering.

151. Defendants' conduct was grossly reckless and beyond the bounds of conduct tolerated in a civilized society.

152. As a result of Defendants' knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly and deliberately indifferent concerted conduct, Ms. Travis has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of her constitutional and other state and federal rights.

153. Ms. Travis seeks relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the First, Fourth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $500,000.00, attorney's fees, costs, expenses and interest.

## V. DEMAND FOR JUDGMENT AND PUNITIVE DAMAGES

154. Plaintiff hereby incorporates by reference, Paragraphs 1 through 153, as though they are fully set forth herein.

155. On all Claims For Relief, Ms. Travis demands judgment in her favor and punitive damages all claims for relief and all costs of this action with interest.

156. On all Claims For Relief, Ms. Travis demands punitive damages in the amount of $1,000,000.00 on all claims for relief and reasonable attorney's fees, costs, expenses, and

interest because Defendants' actions exceeded the normal standards of decent conduct and were malicious, willful, oppressive, outrageous and unjustifiable.

157. Plaintiff demands other just relief as the Court may award.

## VI.  DEMAND FOR JURY TRIAL

158. Plaintiff hereby incorporates by reference, Paragraphs 1 through 157, as though they are fully set forth herein.

159. On all facts and claims for relief asserted, Plaintiff demands a trial by jury.


WHEREFORE, Plaintiff demands judgment and damages on all facts and claims for relief herein asserted, and upon judgment, reasonable attorney's fees, all costs, expenses and interest.

Respectfully submitted,

*/s Nakea Hurdle*
_____
NAKEA HURDLE, ESQUIRE
Attorney at Law
1608 Walnut Street
Suite 1301
Philadelphia, PA 19107
Attorney For Chesarae Travis
July 7, 2011

## CERTIFICATE OF SERVICE

I, Nakea Hurdle, Esquire, on this 7th day of July 2011, hereby certify that attached

Amended Civil Action Complaint was e-Filed in this Court and the following parties are listed as

ECF Filing Users; therefore, is automatically served by electronic means:

Diane B. Sher, Esquire
Office of General Counsel
SCHOOL DISTRICT OF PHILADELPHIA
400 North Broad Street, 3rd Floor
Philadelphia, PA 19130

Brock J. Atkins, Esquire
CITY OF PHILADELPHIA
Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

Respectfully submitted,

*/s Nakea Hurdle*
_____
NAKEA HURDLE, ESQUIRE
Attorney at Law
1608 Walnut Street
Suite 1301
Philadelphia, PA 19107
Attorney For Chesarae Travis
July 7, 2011